IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, INC.,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) |
| **EAST BEACH DEVELOPMENT, LLC,** *et al.*, | ) ) ) ) |
| **Defendants.** | ) |

CIVIL ACTION 07-0347-WS-B

**ORDER**

This action comes before the Court on plaintiff's Motion for Default Judgment Against Alpha Insulation & Waterproofing Company (doc. 97) and Motion for Default Judgment Against A-1 Glass Services, Inc. (doc. 98).

The court file reflects that plaintiff Travelers Casualty and Surety Company of America, Inc., by and through counsel, served copies of the Summons and Complaint on defendants A-1 and Alpha on June 25, 2007 via certified mail delivered to their registered agents for service of process in the State of Alabama, as reflected in defendants' corporate filings with the Office of the Secretary of State, State of Alabama.  (*See* docs. 15 & 17.)  The court file further reflects that during the more than four months that have elapsed following service of process on both A-1 and Alpha, neither defendant has defended against or otherwise appeared in this action.

That said, there is a significant technical infirmity in plaintiff's Motion.  In particular, plaintiff improperly bypasses the necessary precondition of a clerk's entry of default by proceeding directly to a request for the Court to enter a default judgment.  The law is clear that these are separate steps that cannot be combined into one.  *See, e.g., Ramada Franchise Systems, Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 304 (N.D. Ohio 2004) ("An entry of default and a default judgment are distinct events that require separate treatment.").  "First, the party seeking a default judgment must file [an application] for entry of default with the clerk of a

district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party." *UMG Recordings, Inc. v. Stewart*, 461 F. Supp.2d 837, 840 (S.D. Ill. 2006); *see also Twist and Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp.2d 782 (E.D. Tex. 2006) ("Securing a default judgment is a three-step procedure involving the defendants' default, entry of default, and a default judgment."). The point is that a clerk's entry of default must precede an application to the district judge for entry of default judgment. *See, e.g., Virgin Records America, Inc. v. Johnson*, 441 F. Supp.2d 963, 965 (N.D. Ind. 2006) ("Entry of default must precede an entry of default judgment."); *Fairman v. Hurley*, 373 F. Supp.2d 227, 231 (W.D.N.Y. 2005) ("Without first obtaining an entry of default, plaintiff cannot obtain a default judgment from this Court."); *Sun v. United States*, 342 F. Supp.2d 1120, 1124 n.2 (N.D. Ga. 2004) (finding motion for default judgment to be premature where plaintiff had failed to obtain entry of default, a prerequisite to a default judgment); *Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp.2d 2, 8-9 (D.D.C. 2004) (pointing out "fatal flaw" in motion for default judgment where party had failed to ask clerk to enter default first, leaving party in no position to apply for entry of default judgment). Plaintiff has leaped immediately to the second step of that procedure without satisfying the first.

Under the circumstances, it is **ordered** as follows:

1. Plaintiff's Motions for Default Judgment against defendants Alpha and A-1 are **denied** without prejudice to plaintiff's ability to refile such requests after it has applied for and obtained a clerk's entry of default against these defendants pursuant to Rule 55(a), Fed.R.Civ.P., and waited a reasonable period of time (of at least 20 days) thereafter for the defendants to move to set aside the default.

2. The Clerk of Court is directed to send a copy of this Order to defendants Alpha and A-1 at their principal business addresses on file with the Alabama Secretary of State, to-wit: Alpha Insulation & Water Proofing Company, 1420 Williams Dr., Marietta, GA 30066, and A-1 Glass Services, Inc., 1247 N. Collins Blvd., Covington, LA 70433. Any request that plaintiff may file for a clerk's entry of default should include a Certificate of Service confirming that these two defendants have been served with a copy of the request at the addresses set forth

above.

DONE and ORDERED this 14th day of November, 2007.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE