IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, INC.,** ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | **CIVIL ACTION 07-0347-WS-B** |
| **EAST BEACH DEVELOPMENT, LLC,** *et al.*, ) ) ) | |
| **Defendants.** ) | |

**ORDER**

This matter comes before the Court on plaintiff Travelers Casualty and Surety Company of America, Inc.'s Motions for Default Judgment Against Alpha Insulation & Waterproofing Company and A-1 Glass Services, Inc. (docs. 112, 113).

**I.  Background.**

On May 30, 2007, plaintiff Travelers filed its First Amended Complaint (doc. 7) seeking a declaratory judgment against defendant Alpha Insulation & Waterproofing Company ("Alpha Insulation"), A-1 Glass Services, Inc. ("A-1 Glass"), and 10 other defendants.  In a nutshell, the First Amended Complaint alleges that Travelers issued Performance and Payment Bonds with respect to two condominium projects, namely Lighthouse Condominiums in Gulf Shores, Alabama and San Carlos Condominiums in Orange Beach, Alabama.  According to the First Amended Complaint, certain contractors performed work on these projects for which they have not been paid by the developer or general contractor, as a result of which various defendants have made demands on Travelers for payment under the Performance and Payment Bonds.  The First Amended Complaint alleges that, although Alpha Insulation had performed contracting work on the San Carlos project and A-1 Glass had performed contracting work on the Lighthouse project, neither of them was eligible to receive payment from Travelers because they were not valid claimants under the terms of the Performance and Payment Bonds.  The First Amended Complaint further alleges that defendants are not properly considered "claimants"

under the Performance and Payment Bonds because they contracted directly with the developer to furnish materials, labor and equipment to the condominium projects, while the bonds applied only to entities contracting with the general contractor.

The court file reflects that Travelers, by and through counsel, served copies of the Summons and Complaint on defendants A-1 Glass and Alpha Insulation on June 25, 2007 via certified mail delivered to their registered agents for service of process in the State of Alabama, as reflected in defendants' corporate filings with the Alabama Secretary of State.  (*See* docs. 15 & 17.)  The court file further reflects that during the more than five months that have elapsed following service of process on both A-1 Glass and Alpha Insulation, neither of them has defended against or otherwise appeared in this action.[1]

When A-1 Glass and Alpha Insulation failed to answer or otherwise respond to the First Amended Complaint within the 20-day time frame prescribed by Rule 12(a)(1), Fed.R.Civ.P., and upon application by Travelers, a Clerk's Entry of Default was entered against each of those defendants on November 15, 2007.  (Docs. 105, 106.)  A-1 Glass and Alpha Insulation were kept well apprised of these developments.  In particular, at the undersigned's direction, the Clerk's Office mailed copies of an Order (doc. 101) dated November 14, 2007, to those entities placing them on notice that Travelers was initiating default proceedings against them.  Moreover, the Certificates of Service appended to Travelers' Applications for Entry of Default (docs. 102, 103) dated November 15, 2007 confirm that Travelers served copies of those requests on A-1 Glass and Alpha Insulation at their principal business addresses on file with the Alabama Secretary of State.  Notwithstanding this abundant warning that they were in jeopardy of having default judgment entered against them for failure to plead or otherwise defend, A-1 Glass and Alpha Insulation have failed to come forward in any form or fashion to appear in this action, to set aside their default, or otherwise to offer any indication that they intend to participate in this lawsuit and defend against Travelers' claims.  As such, the Court can only conclude that these

---

[1] All other named defendants have appeared and have either filed responsive pleadings or resolved the portion of the dispute pertaining to them.  Nothing herein is intended to affect Travelers' claims against those other defendants; therefore, this action will proceed as between Travelers and the remaining defendants irrespective of the status of its claims against Alpha Insulation and A-1 Glass.

defendants have no intention of participating in this action in any way, and that they are prepared to accept the consequences of entry of default judgment against them.

Now, fully three weeks after the Clerk's Entry of Default, Travelers formally requests entry of default judgment against both A-1 Glass and Alpha Insulation for failure to plead or otherwise defend.

## II.     Analysis.

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982) ("Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment."). Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure ... to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Where, as here, a defendant has failed to appear or otherwise acknowledge the pendency of a lawsuit against it for some five months after being served, entry of default judgment may be appropriate. Indeed, Rule 55 itself provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend as provided by these rules." Rule 55(a), Fed.R.Civ.P. In a variety of contexts, courts have entered default judgments against defendants who have failed to defend the claims against them following proper service of process. *See, e.g., In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate."); *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) ("when the court finds an intentional failure of responsive pleadings there need be no other finding" to justify default judgment); *Kidd v. Andrews*, 340 F. Supp.2d 333, 338 (W.D.N.Y. 2004) (entering default judgment against defendant who failed to answer or move against complaint for nearly three months); *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 684 (N.D. Ga. 2000) (entering default judgment against counterclaim defendant who had failed to answer or otherwise respond to counterclaim within time provided by Rule 12(a)(2)). In short, then, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been

halted because of an essentially unresponsive party." *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F. Supp.2d 193, 195 (D.D.C. 2006) (citation omitted).[2]

The law is clear, however, that A-1 Glass and Alpha Insulation's failure to appear and the Clerk's subsequent entry of default against them do not automatically entitle Travelers to a default judgment. Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp.2d 1353, 1357 (S.D. Ga. 2004); *see also Descent v. Kolitsidas*, 396 F. Supp.2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd.*, 218 F. Supp.2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

Review of the First Amended Complaint confirms that it does indeed assert sufficiently specific and detailed facts with respect to both A-1 Glass and Alpha Insulation to state cognizable claims against them for declaratory relief. Moreover, the legal effect of these defendants' default is that they have now admitted the facts recited in the First Amended

---

[2] To be sure, courts have generally required some notice to be given to a defendant between the time of service of process and entry of default judgment. *See, e.g., International Brands USA, Inc. v. Old St. Andrews Ltd.*, 349 F. Supp.2d 256, 261 (D. Conn. 2004) ("Where a party fails to respond, **after notice** the court is ordinarily justified in entering a judgment against the defaulting party.") (emphasis added and citations omitted); *F.T.C. v. 1263523 Ontario, Inc.*, 205 F. Supp.2d 205, 208 (S.D.N.Y. 2002) (entering default judgment where defendants had failed to respond in any way to summons, complaint and motion for default judgment); *New York State Teamsters Conference Pension and Retirement Fund v. Fratto Curbing Co.*, 875 F. Supp. 129, 131 (N.D.N.Y. 1995) (defendant that had failed to file answer to complaint or otherwise defend was properly notified of motion for default judgment). Here, the defaulting defendants received notice on at least two different occasions of the impending default proceedings, as copies of both the November 14 Order and the Application for Clerk's Entry of Default were served on them via U.S. Mail. Clearly, then, there are no notice issues implicated by the entry of default judgment against these defendants at this time.

Complaint, which are adequate to establish the propriety of entry of a declaratory judgment in Travelers' favor.[3]  Furthermore, because they have made no attempt to defend this action in the five months since being served with process, despite notice that Travelers was moving forward with default proceedings against them, A-1 Glass and Alpha Insulation's course of conduct amounts to a deliberate and intentional failure to respond, which is just the sort of dilatory litigation tactic for which the default judgment mechanism was created.

### III.   Conclusion.

For all of the foregoing reasons, plaintiff's Motions for Default Judgment (docs. 112, 113) are **granted**.  Default Judgment will be entered against defendant A-1 Glass Services, Inc. and Alpha Insulation & Waterproofing Company, in accordance with Rule 55(b)(2), Fed.R.Civ.P., and henceforth this action will proceed solely as between Travelers and the remaining defendants (East Beach Development, LLC; Jennings Service Company, Inc.; Thrasher Waterproofing Corporation; and Triple A Fire Protection, Inc.), as well as third-party defendant Coastal Builders, Inc.

The Clerk's Office is directed to mail a copy of this Order, and the accompanying Default Judgment, to the defaulting defendants at their principal business addresses on file with the Alabama Secretary of State, to-wit: Alpha Insulation & Water Proofing Company, 1420 Williams Dr., Marietta, GA 30066, and A-1 Glass Services, Inc., 1247 N. Collins Blvd., Covington, LA 70433.

DONE and ORDERED this 7th day of December, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3]   The effect of a default is to render all well-pleaded factual allegations of the complaint (except those relating to damages) admitted.  *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"); *McMillian/McMillian, Inc. v. Monticello Ins. Co.*, 116 F.3d 319, 321 (8th Cir. 1997) (explaining that "when a default judgment has been entered, facts alleged in the complaint ... may not be contested by the defaulted party").