**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 07-0347-WS-B** |
| | ) | |
| **EAST BEACH DEVELOPMENT, LLC,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter comes before the Court on the Motion to Strike and/or Dismiss Third Party Complaint (doc. 116) filed by prospective third-party defendant Coastal Builders, Inc. ("Coastal").  The Motion has been briefed and is now ripe for disposition.

On November 13, 2007, defendant/third-party plaintiff Thrasher Waterproofing Corporation ("Thrasher") filed a pleading styled "Counterclaim Against Travelers Casualty & Surety Company of America, Cross-Claim Against East Beach Development, LLC, and Third-Party Complaint Against Coastal Builders, Inc." (doc. 96).  Thrasher neither requested nor obtained prior leave of Court before filing this pleading, even though it had filed its Answer (doc. 44) more than three months earlier.  In response, Travelers filed an Answer (doc. 109) to Thrasher's Counterclaim on November 30, 2007.  East Beach filed an Answer (doc. 120) to Thrasher's Cross-Claim on January 4, 2008.  But Coastal filed a Motion to Dismiss the Third-Party Complaint for noncompliance with the Federal Rules of Civil Procedure.

There is no question that Thrasher's Third-Party Complaint runs afoul of the procedural requirements of Rule 14(a), Fed.R.Civ.P.  Under the version of Rule 14 in effect at the time of Thrasher's filing, a third-party plaintiff need not obtain leave of court before serving a summons and complaint on a nonparty who is or may be liable to it for all or part of the plaintiff's claim against the third-party plaintiff "if the third-party plaintiff files the third-party complaint not later

than 10 days after serving the original answer. ***Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action.***" Rule 14(a), Fed.R.Civ.P. (emphasis added).[1] Thrasher neither obtained leave of court via motion nor provided notice to other parties in the action before filing its Third-Party Complaint against Coastal. This omission is contrary to the plain language of Rule 14(a) and the case law construing same. *See, e.g., Dos Santos v. Terrace Place Realty, Inc.*, 433 F. Supp.2d 326, 335 (S.D.N.Y. 2006) ("Generally a defendant may commence a third-party action only upon leave of court where the defendant seeks to commence that action more than ten days after filing its answer."); *Zeus Projects Ltd. v. Perez y Cia. de Puerto Rico, Inc.*, 187 F.R.D. 23, 33 (D.P.R. 1999) ("A defendant filing a third-party claim may do so automatically within ten days of filing the answer; otherwise, it must first seek leave of court."). Thrasher properly admits its error, which it attributes to "a regrettable oversight" by counsel. (Response (doc. 118), ¶¶ 3-4.)

Where a defendant fails to comply with this rule, the decision of whether to allow the third-party claim to proceed lies within the sound discretion of the district court. *See Dos Santos*, 433 F. Supp.2d at 336 (decision whether to grant leave to allow third-party complaint after 10-day period is left to sound discretion of district court); *Zeus*, 187 F.R.D. at 36 (where defendant failed to comply with Rule 14(a) requirements for seeking leave to file third-party claim, district court decides in its discretion whether to allow the claim based on factors such as whether the claim would prejudice the plaintiff, the risk of unduly complicating or unnecessarily delaying the proceedings, the timeliness of the motion, the merit of the claim, and any additional expenses that the claim may impose on the parties). In its Motion, Coastal identifies no prejudice that it would sustain if the Third-Party Complaint were allowed to proceed. It makes no contention that the substance of the Third-Party Complaint would unduly complicate or delay these proceedings. It does not argue that the proposed third-party claims are frivolous or otherwise patently devoid of merit. Instead, it simply asserts that the Third-Party Complaint

---

[1] The text of Rule 14 was amended effective December 1, 2007 with changes that were intended to be stylistic only. Because Thrasher's Third-Party Complaint predates the effective date of the amended version of Rule 14, Coastal's Motion is governed by the iteration of Rule 14 in effect prior to December 1, 2007. This distinction does not materially affect the Court's analysis.

should be stricken because of Thrasher's noncompliance with Rule 14(a).

The Court perceives no benefit to Coastal, to Thrasher, or to anyone else of adopting such a course of action. If Thrasher's Third-Party Complaint were to be stricken because no prior leave of court was requested, the result is that Thrasher would almost certainly move for leave to resubmit that Third-Party Complaint, which would trigger another round of briefing and prolong the uncertainty as to Coastal's status in this action, even as this case hurtles toward the deadlines set forth in the Rule 16(b) Scheduling Order (doc. 80). If Thrasher's request were subsequently denied on untimeliness grounds, that ruling would force Thrasher to initiate a separate legal proceeding against Coastal, with resulting duplication of effort and expense for all involved. Under the circumstances, the interests of neither pragmatism nor efficiency would be promoted by striking the Third-Party Complaint under Rule 14(a). Given that Coastal has identified no prejudice accruing as a result of the technical defect in Thrasher's filing, to grant Coastal the requested relief would be a hollow gesture that would punish Thrasher for its attorney's mistake without benefitting or protecting anyone. Accordingly, the undersigned exercises its discretion to allow Thrasher's Third-Party Complaint against Coastal to proceed, notwithstanding Thrasher's failure to request leave of court before filing it.

In so concluding, the Court does not turn a blind eye to Thrasher's transgression. The Federal Rules of Civil Procedure are not advisory, and scofflaw litigants may not cavalierly disregard their provisions and hope for lenience by the court. But that's not what happened here. Thrasher's counsel made an honest mistake, albeit a preventable one. The question is how best to proceed in the wake of that mistake. Under the circumstances presented here, and given that Coastal's arguments are confined to Thrasher's technical non-compliance with the rule, the Court finds that the interests of justice and efficiency favor allowing the Third-Party Complaint to stand as filed. Accordingly, Coastal's Motion to Strike (doc. 116) is **denied**, and Coastal is **ordered** to file an answer or other responsive pleading on or before **January 28, 2008**.

DONE and ORDERED this 17th day of January, 2008.


s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

-3-